IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Dale Lee Pughsley,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    1:20cv102 (AJT/TCB) |
| | )<br>) |
| A. David Robinson, *et al.*,<br>    Defendants. | )<br>) |

MEMORANDUM OPINION & ORDER

The sole remaining claim to resolve in this civil-rights suit, *see* 42 U.S.C. § 1983, is whether defendants A. David Robinson, Gregory Holloway, Beth Cabell, and Jamilla Burney-Devins are responsible in their supervisory capacities for alleged violations of Virginia-inmate Dale L. Pughsley's First Amendment rights. Defendants move for summary judgment on this claim, and they have provided Pughsley, who is proceeding *pro se*, the notice required by Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). [Dkt. Nos. 42, 44]. Pughsley has filed nothing to oppose this motion. Because the undisputed facts do not demonstrate that Pughsley's First Amendment rights were violated, there is no basis on which to impose supervisory liability. Therefore, the Court will grant defendants' supplemental motion for summary judgment.

I. Background & Procedural History

The facts underlying this lawsuit have been recited in detail in the Court's Memorandum Opinion dated August 16, 2021, in which the Court concluded the defendants were entitled to summary judgment on Pughsley's individual-capacity First Amendment claims. [Dkt. No. 41]. Only those facts essential to understanding the remaining supervisory-capacity claim will be repeated here.

In this lawsuit Pughsley claims that his First Amendment rights were violated in three ways during his confinement. First, he claims that Lieutenant M. D. Carpenter wrongly confiscated a prisoner-created petition demanding better conditions of confinement at Sussex II State Prison, preventing Pughsley from mailing it to persons outside of the prison. Second, Pughsley claims that, afterwards, Carpenter and former-Warden Tracey Ray retaliated against him by transferring him to solitary confinement in a prison with a higher security level. Third, Pughsley claims that Robinson, Burney-Devins, Holloway, Cabell, and Ray are responsible in their supervisory capacities for those two First Amendment violations.

The parties each moved for summary judgment. These motions made clear that the parties did not agree on what claims Pughsley had raised in the complaint. The Court adopted the claims Pughsley explicitly identified in his motion (the three claims listed in the paragraph above). The Court denied Pughsley's motion for summary judgment and granted defendants' motion except with respect to the portion of the supervisory-capacity claims against Robinson, Burney-Devins, Holloway, and Cabell. Because of a reasonable misconstruction of plaintiff's claims, defendants missed that Pughsley also sought to bring supervisory-capacity claims against those four defendants. The Court directed defendants to file, or explicitly decline to file, a motion for summary judgment or other appropriate dispositive motion addressing the remaining claim. Defendants have chosen to file a supplemental motion for summary judgment.

## II. Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party," and "[a] fact is material if it might affect the outcome of the suit under the governing law." *Hupp*

2

*v. Cook*, 931 F.3d 307, 317 (4th Cir. 2019) (internal quotation marks and citations omitted). In evaluating a summary-judgment motion, the Court views the evidence, and draws all inferences, in the light most favorable to the nonmoving party, here, Pughsley. *E.W. by T.W. v. Dolgos*, 884 F.3d 172, 178 (4th Cir. 2018).

### III. Defendants' Supplemental Motion for Summary Judgment

Defendants move for summary judgment on the remaining supervisory-capacity claims against Robinson, Burney-Devins, Holloway, and Cabell. [Dkt. No. 42]. They argue that any supervisory liability claim fails because the Court previously concluded that Pughsley did not suffer a predicate violation of his First Amendment rights.

The Court agrees with defendants. Supervisory liability cannot be imposed without a predicate constitutional violation. *See Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012). Here, the Court previously concluded that the prison rule requiring the confiscation of the petition was reasonably related to legitimate penological interests, *see Turner v. Safley*, 482 U.S. 78, 89–91 (1987), and, therefore, that confiscation did not violate Pughsley's First Amendment rights. [Dkt. No. 41]. The Court formerly, too, concluded that because Pughsley's inability to circulate the petition was not protected under the First Amendment à la *Turner*, that same speech could not be the basis for a First Amendment retaliation claim. [*Id.*]. These previous conclusions are dispositive as applied to the supervisory-liability claims. Without an underlying First Amendment violation, Robinson, Burney-Devins, Holloway, Cabell are entitled to judgment as a matter of law on the supervisory-liability claims against them.

Accordingly, it is hereby

ORDERED that defendants' supplemental motion for summary judgment [Dkt. No. 42] be and is GRANTED; and it is further

ORDERED that this civil action be and is DISMISSED.

To appeal this decision, plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor defendants; to send a copy of this Order to plaintiff and to counsel of record for defendants; and to close this civil action.

Entered this 27th day of July 2022.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge